Gibson, J.
By the express language of Section 2731.05, Revised Code, “the writ of mandamus must not be issued where there is a plain and adequate remedy in the ordinary course of the law”. The proposition that where a right of appeal exists there is an adequate remedy at law is too well established to require citation of authorities. The question in this case is whether the relator had a right of appeal from the layoff order.
Although relator in fact pursued an appeal from his layoff order to the State Personnel Board of Review, he contends that the board was without jurisdiction to consider and affirm the order because there is no statutory authority for the appeal from a layoff order. Further, he contends that, even if this premise is not correct, the decision of the board in affirming the layoff order is final by the language of Section 143.012 (A), Revised Code, and therefore not subject to a judicial review by way of appeal.
The starting point in the consideration of the issues raised in this case are the general provisions of Section 143.03, Revised Code, which read as follows:
“No person shall be appointed, removed, transferred, laid off, suspended, reinstated, promoted, or reduced as an officer or employee in the civil service, in any manner or by any means other than those prescribed in sections 143.01 to 143.48, inclusive, of the Revised Code, and the rules of the director of state personnel or the municipal civil service commission within their respective jurisdictions.” (Emphasis added.)
More specifically, the jurisdiction of the State Personnel *234 Board of Review to hear appeals is found in Section 143.012, Revised Code, which provides, inter alia:
“The state personnel board of review shall exercise the following powers and perform the following duties of the department of state personnel:
“(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities # * * relative to reduction in pay or position, layoff, suspension, discharge, assignment or reassignment to a new or different position classification: the board may affirm, disaffirm, or modify the decisions of the appointing authorities # # # and its decision is final * * (Emphasis added.)
What is the meaning of the phrase, ‘ ‘ as provided by law, ’ ’ appearing in Section 143.012 (A), Revised Code? On one hand, the relator says the board has no jurisdiction unless there is other statutory authority for an appeal to the board from a layoff order. On the other hand, the respondent says that the phrase refers only to the procedure which is to be followed by the board in hearing an appeal from a layoff order. Admittedly, a literal reading of the statutory language tends to support the relator’s contention. However, we are obligated to construe the statutory language so as to accomplish the legislative plan and to avoid an absurd result. To accept relator’s contention would mean that either the authority conferred by Section 143.012, Revised Code, upon the board to hear appeals from final orders of appointing authorities or the other statutory provisions for such appeal are redundant. In our opinion, the phrase merely means that appeals from final decisions of appointing authorities relative to layoff, and the other personnel actions specified in Section 143.012, Revised Code, are to be heard in accordance with the applicable procedural provisions of law.
Certain provisions of the Administrative Procedure Act are applicable to appeals from decisions or orders of appointing authorities to the State Personnel Board of Review. Section 119.01 (A), Revised Code, defines an “agency” as meaning “any official, board, or commission having authority to promulgate rules or make adjudications in * * * the civil service commission”. Section 143.011, Revised Code, expressly pro *235 vides that whenever the term “state civil service commission” is nsed in any state law it shall he construed as referring to the Department of State Personnel or the State Personnel Board of Beview, as is appropriate. Further, in view of the rights, privileges and benefits established for state employees by Chapter 143, Bevised Code, there can be no doubt that decisions upon hearings of appeals “from final decisions of appointing authorities * * * relative to # * layoff” are “adjudications” within the meaning of Section 119.01 (D), Bevised Code.
Detailed procedures governing administrative adjudication hearings are prescribed by Sections 119.07 (notice of hearing), 119.08 (date, time and place of hearing), 119.09 (conduct of an adjudication hearing), and 119.06 (adjudication orders). We conclude then that the State Personnel Board of Beview has jurisdiction under Section 143.012, Bevised Code, to hear, in accordance with the applicable procedural requirements of Chapter 119, Bevised Code, appeals by employees in the classified state service from final decisions of appointing authorities relative to layoff. This is consistent with the administrative interpretation by the agency which, as in the instant case, has been to hear and determine appeals from layoff orders.
The relator’s second contention is that the decision of the board in affirming the layoff order, by express provision of Section 143.012, Bevised Code, is “final” and hence may not be appealed to the Common Pleas Court. In our opinion, the most reasonable construction of the provision for finalty of decision by the board is to make the board’s order final in the sense of being the highest or ultimate order within the agency but not in the sense of denying any further right of appeal. See Graul v. State Personnel Board of Review (1962), 117 Ohio App., 108. In State, ex rel. Oliver, v. State Civil Service Commission (1959), 168 Ohio St., 445, the clause, “the commission’s decision is final ’ ’, as contained in Section 143.27, Bevised Code, was considered, and it was held that the provisions of Section 119.12, Bevised Code, allowing any party adversely affected by an order of an agency to appeal to the Court of Common Pleas of Franklin County, prevailed. On the basis of reason and precedent, we hold that, under the provisions of Section 119.12, Be- *236 vised Code, the relator had a right of appeal from the decision of the State Personnel Board of Review affirming the layoff order.

Judgment affirmed.

Taft, C. J., Zimmerman, Younger, O’Neill, Griffith and Herbert, JJ., concur.
Younger, J., of the Third Appellate District, sitting by designation in the place and stead of Matthias, J.